## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JAMES T. MULLOWNEY, JR : | |
|    *Plaintiff*, : | |
| : | |
| v. : | C.A. No.: _____ |
| : | |
| USAA CASUALTY INSURANCE : | |
| COMPANY : | |
|    *Defendant*. : | |

## COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff by and through his undersigned counsel and hereby complains against the Defendant in this civil action as follows:

## PARTIES

1. Plaintiff, James T. Mullowney, Jr. (hereinafter, "Plaintiff" or Mr. Mullowney" is citizen on Rhode Island and resides at 38 Pelham Street, Newport, Rhode Island.

2. Defendant, USAA Casualty Insurance Company (hereinafter "USAA") is corporation that is licensed and authorized to sell policies of insurance in Rhode Island and has a principal place of business located at 9800 Fredericksburg Road, San Antonio, Texas.

## JURISDICTION AND VENUE

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a), as the amount in controversy exceeds $75,000 and there is diversity amongst the parties.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

5. At all relevant times, Mr. Mullowney was the owner of a property located 38 Pelham Street, Newport, Rhode Island (the "Property").

6. USAA issued to Mr. Mullowney a homeowners insurance policy, policy number CIC 00311 71 18 90A, with effective dates from August 9, 2020 to August 9, 2021 (the "Policy")

7. Mr. Mullowney paid a premium to USAA in exchange for the coverage afforded under the terms and conditions of the Policy.

8. At all relevant times, the Policy was in full force and effect.

9. On or about July 5, 2021, there was a water loss at the Property that significant and extensive damage (the "Loss").

10. On or about July 5, 2021, Mr. Mullowney notified USAA of the Loss.

11. The Property is an historic cite, built in or about 1740. Accordingly, repairing the Property after the July 5, 2021 loss required more than repairing comparable loss at a modern property.

12. USAA failed to conduct an adequate and comprehensive investigation into the Loss.

13. USAA failed to promptly make payments in violation and in breach of the terms of the Policy.

14. Specifically, USAA agreed that, "In return for payment of premium … we will provide the insurance described." However, USAA failed to promptly and adequately provide insurance benefits owed to Mr. Mullowney.

15. Further, USAA failed to timely provide Mr. Mullowney with "actual cash value" for the damage to the Property related to the Loss.

16. Further, USAA's delay in handling the claim associated with the Loss and USAA's failure to timely make payments for actual cash value caused significant delays in Mr. Mullowney's ability repair the Property.

17. Accordingly, Mr. Mullowney lost the ability to rent the Property for more than 12 months.

18. USAA delayed making payments with full knowledge that the Policy only allowed for up to 12 months of Loss of Use Protection, causing Mr. Mullowney to unnecessarily suffer uninsured losses.

19. USAA's delay caused Mr. Mullowney to suffer uninsured losses related to lost rental income that he would not have suffered had USAA promptly and timely honored its obligations under the Policy by paying Mr. Mullowney the Actual Cash Value payments that he was owed.

20. USAA's delay in making payments was in direct violation of the Loss Settlement provision contained in the Policy.

21. USAA's delay in making payments constitutes bad faith claims handling.

22. The Policy requires that USAA pay for like kind replacement and USAA failed to honor and/or recognize this obligation.

23. Additionally, every contract, including insurance policies, contains an implied provision of good faith and fair dealing. USAA breached this provision of the contract.

24. USAA's breach of the implied covenant of good faith and fair dealing forced Mr. Mullowney into a situation where he had uninsured losses related lost rental income.

25. USAA's breach of the implied covenant of good faith and fair dealing caused additional damage to the Property that could have been avoided had funds for mitigation been made available in a timely manner.

26. USAA's bad-faith claims handling has caused Mr. Mullowney and other insureds to suffer significant emotional distress.

27. Mr. Mullowney has at all times complied with all obligations and duties imposed by the terms and provisions of the Policy.

28. Mr. Mullowney suffered significant damages as a result of USAA's failure to act promptly and failure to comply with the terms of the Policy.

## COUNT I
## Breach of Contract

29. The Plaintiff restates and incorporates herein by references all of the preceding paragraphs.

30. Mr. Mullowney entered into a contract with USAA in which USAA agreed to provide insurance coverage in exchange for payment of premiums.

31. Mr. Mullowney paid the premiums he owed and at all times complied with all of his duties and obligations under the Policy.

32. USAA breached the terms of the Policy by failing to promptly and adequately investigate the Loss.

33. USAA breached the terms of the Policy by failing to promptly make payments owed under the Policy.

34. USAA breached the terms of the Policy by failing to timely recognize its obligation to pay for like kind replacements.

35. USAA breached the implied covenant of good faith and fair dealing when it unjustly and improperly delayed making actual cash value payments owed under the Policy.

36. USAA's delay in making payments caused Mr. Mullowney to suffer uninsured losses related to lost rental income.

37. USAA's delay in making payments caused additional damage to the Property because Mr. Mullowney did not have the required funds to pay for mitigation.

38. USAA's breaches of the terms of the policy directly and proximately caused Mr. Mullowney to suffer damages.

39. The Plaintiff has been required to retain the services of an attorney to commence this action and is entitled to attorney's fees.

WHEREFORE, the Plaintiff respectfully demand that judgment enter on his behalf and against the Defendant in the maximum amount allowed by law, plus interest, costs, and reasonable attorney's fees, and all other amounts that are recoverable by law. Furthermore, the Plaintiff request such other relief that the Court deems just and proper.

## COUNT II
### Breach of the Duty of Good Faith and Fair Dealing

40. The Plaintiff restates and incorporates herein by references all of the preceding paragraphs.

41. There is implied in every contract a covenant of good faith and fair dealing.

42. USAA owed Mr. Mullowney a duty of good faith and fair dealing.

43. USAA breached its duty of good faith and fair dealing by, inter alia, refusing to properly and timely compensate Mr. Mullowney.

44. Mr. Mullowney sustained damages as a result of USAA's breach of the duty of good faith and fair dealing.

45. The Plaintiff has been required to retain the services of an attorney to commence this action and is entitled to attorney's fees.

WHEREFORE, the Plaintiff respectfully demand that judgment enter on his behalf and against the Defendant in the maximum amount allowed by law, plus interest, costs, and reasonable attorney's fees, and all other amounts that are recoverable by law. Furthermore, the Plaintiff request such other relief that the Court deems just and proper.

## COUNT II
### Negligence

46. The Plaintiff restates and incorporates herein by references all of the preceding paragraphs.

47. USAA owed Mr. Mullowney a duty to promptly, appropriately, and accurately adjust and pay the claim related to the Loss.

2556660.v1

48. USAA negligently breached its duty when it failed to promptly, appropriately, and accurately adjust and pay the claim related to the Loss.

49. USAA's breach was the direct and proximate cause of Mr. Mullowney's damages.

WHEREFORE, the Plaintiff respectfully demand that judgment enter on his behalf and against the Defendant in the maximum amount allowed by law, plus interest, costs, and reasonable attorney's fees, and all other amounts that are recoverable by law.  Furthermore, the Plaintiff request such other relief that the Court deems just and proper.

## COUNT III
**Common Law Bad Faith**

50. The Plaintiff restates and incorporates herein by references all of the preceding paragraphs.

51. Mr. Mullowney timely provided USAA with notice of the claim.

52. At all times Mr. Mullowney has acted in good faith and met all if his obligations pursuant to the terms of the Policy.

53. Mt. Mullowney sustained damages as a result of the USAA's bad-faith claims handling approach.

54. The acts and omissions of the USAA as complained of herein and yet to be discovered in this matter constitute bad faith.

55. Mr. Mullowney is entitled to punitive damages as a result of USAA's bad faith.

56. Mr. Mullowney has been required to retain the services of an attorney to commence this action and is entitled to attorney's fees and costs.

WHEREFORE, the Plaintiff respectfully demand that judgment enter on his behalf and against the Defendant in the maximum amount allowed by law, plus interest, costs, and reasonable attorney's fees, and all other amounts that are recoverable by law.  Furthermore, the Plaintiff request such other relief that the Court deems just and proper.

## COUNT IV
**Statutory Bad Faith**

57. The Plaintiff restates and incorporates herein by references all of the preceding paragraphs.

58. The acts and omissions of USAA as complained herein, and yet to be discovered in this matter, constitute bad faith pursuant to G.L. 1956 § 9-1-33.

59. Mr. Mullowney timely provided USAA with notice of the claim.

60. At all times the Mr. Mullowney has acted in good faith and met all if his obligations pursuant to the terms of the Policy.

61. Mr. Mullowney sustained damages as a result of the USAA's bad-faith claims handling approach.

62. The acts and omissions of USAA as complained of herein and yet to be discovered in this matter constitute bad faith.

63. Mr. Mullowney is entitled to punitive damages as a result of Defendant's bad faith.

64. Mr. Mullowney has been required to retain the services of an attorney to commence this action and is entitled to attorney's fees and costs.

WHEREFORE, the Plaintiff respectfully demand that judgment enter on his behalf and against the Defendant in the maximum amount allowed by law, plus interest, costs, and reasonable attorney's fees, and all other amounts that are recoverable by law. Furthermore, the Plaintiff request such other relief that the Court deems just and proper.

## COUNT V
### Violation of the Unfair Trade Practice and Consumer Protection Act

65. The Plaintiff restates and incorporates herein by references all of the preceding paragraphs.

66. In violation of G.L. 1956 § 6-13.1-1 *et seq.*, USAA has engaged in unfair trade practices, including Defendant's failure to properly pay Mr. Mullowney's claim.

67. Mr. Mullowney has sustained damages as a result of Defendant's unfair trade practices.

68. Mr. Mullowney has been required to retain the services of an attorney to commence this action and is entitled to attorney's fees and costs.

69. Mr. Mullowney is entitled to punitive damages as a result of Defendant's unfair trade practices.

WHEREFORE, the Plaintiff respectfully demand that judgment enter on his behalf and against the Defendant in the maximum amount allowed by law, plus interest, costs, and reasonable attorney's fees, and all other amounts that are recoverable by law. Furthermore, the Plaintiff request such other relief that the Court deems just and proper.

## JURY DEMAND

The Plaintiffs demand a jury trial on all claims and issues so triable.

        Respectfully submitted,
        Plaintiffs,
        By their attorneys,

        */s/ Judah H. Rome*
        John A. Donovan III, Esq., #5707
        Judah H. Rome, Esq., 9711
        SLOANE AND WALSH LLP
        652 George Washington Highway, Suite 302
        Lincoln, RI  02865
        401-495-6796
        jdonovan@sloanewalsh.com
        jrome@sloanewalsh.com

Dated: November 8, 2022