UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JAMES T. MULLOWNEY, JR.<br>    *Plaintiff*, | :<br>:<br>: |
| v. | :    C.A. No.: 1:22-cv-00404-WES-PAS<br>: |
| USAA CASUALTY INSURANCE COMPANY<br>    *Defendant.* | :<br>: |

## MOTION TO CONFIRM ARBITRATION AWARD

Pursuant to LR Cv 7, well-established common law and the terms of R.I.G.L. § 10-3-11, Defendant USAA Casualty Insurance Company ("USAA CIC") hereby respectfully moves for an order confirming the appraisal Award ("Award") rendered in this matter on June 21, 2022 (attached hereto as Exhibit A). In support of this Motion, USAA CIC represents the following:

1. Prior to July 5, 2021, USAA CIC issued to Plaintiff a policy of insurance ("Policy") covering property owned by Plaintiff and located at 38 Pelham Street, Newport, Rhode Island.

2. On or about July 5, 2021, while the Policy was in full force and effect, a water loss occurred at Plaintiff's property, causing Plaintiff to sustain damage thereto.

3. The Policy contains an appraisal clause which provides a mechanism for the resolution of disputes over the value of claims. The appraisal clause in the USAA CIC Policy issued to Plaintiff is an agreement to arbitrate and falls within the scope of Rhode Island's arbitration statutes, as further acknowledged under the common law. *See Waradzin v. Aetna Casualty and Surety Company*, 570 A.2d 649 (R.I. 1990) (appraisal provision in insurance policy equated with arbitration, for purposes of enforcement under Rhode Island arbitration statutes); *Grady v. Home Fire and Marine Insurance Co.*, 63 A. 173 (R.I. 1906) (same); *see also Patenaude v. John Hancock Prop. & Cas. Ins. Companies*, 785 A.2d 563, 564 (R.I. 2001) (recognizing a

party's right to "pursue a common law action to enforce the arbitration award and then upon a favorable final judgment rendered in such action renew her claim that such judgment has preclusive effect . . . [having] long recognized the existence of the common law right to arbitration").

4. While USAA CIC and Plaintiff reached agreement on certain aspects of Plaintiff's claim arising from the July 5, 2021 water loss, and those agreed upon amounts have been paid to Plaintiff by USAA CIC, the parties were unable to reach an agreement on the amount of loss due on certain other aspects of the Plaintiff's building claim that are covered by the Policy.

5. On various dates prior to January 7, 2022, USAA CIC made certain payments for fair rental value, temporary repairs, emergency services, personal property (contents), miscellaneous expenses, and building repairs (less depreciation), but the parties were unable to reach an agreement as to the complete damages to the dwelling, contents, ordinance and law required code upgrades and outstanding additional living expenses and/or fair rental values.

6. On or about January 7, 2022, Plaintiff demanded appraisal of the outstanding claims related to the dwelling claim pursuant to conditions of the Policy, and named Robert Smith of C&L Builders as his appraiser.

7. USAA CIC selected Dallas Dodge of A.E. Oberhaus, Inc. to act as its Appraiser.

8. Paul Heywood was selected as the Umpire for this appraisal.

9. By way of agreement of the parties, the appraisal was to include the following determinations: (1) Replacement Cost and Actual Cash Value for the resulting water damages to the dwelling from the 3rd floor supply line leak; (2) Fair Rental Value for Plaintiff's unit and loss of rental value for other units; (3) Building Ordinance or Law cost to be determined as a result of this loss but not payable until incurred and documentation submitted; and (4) Replacement Cost

and Actual Cash Value for the resulting water damages to the Personal Property owned by Plaintiff from the 3rd floor.

10. Upon completion of the appraisal process, an Award was issued and signed by the appraisers and umpire on June 20-21, 2022.[1] As set forth in Exhibit A, the Award provides as follows:

| Description | Replacement Cost Value | Actual Cash Value |
|---|---|---|
| Dwelling – General | $907,445.14 | $752.169.85[2] |
| Dwelling – Mold | $43,581.09 | $43,581.09[3] |
| Dwelling – Code | $349,642.09 | $1,925.00[4] |
| Contents – General | $134,987.43 | $16,453.65 |
| Business Personal Property | $172,151.76 | $120,985.59[5] |
| Additional Living Expenses | $48,426.86 | $48,426.86 |
| Fair Rental Value | $126,030.53 | $126,030.53 |
| **TOTAL** | **$1,782,264.90** | **$1,209,572.57** |

11. As of the date of the award, USAA CIC had issued payments totaling $322,718.83.

12. Upon receipt and review of the Award, USAA CIC issued remaining payments less the holdback (due to depreciation and code upgrades), totaling $734,787.06, on July 7, 2022. The amount of withheld depreciation and business ordinance and law/code coverage totals $521,526.16.

13. To date, Plaintiff has not submitted all of the necessary invoices and documentation required for the holdback to be released, as required by the Policy.

14. Notwithstanding the parties' participation in the appraisal, Plaintiff commenced this lawsuit by way of the Complaint dated November 8, 2022.

---

[1] The Appraisal Award was signed by USAA CIC's Appraiser, Dallas Dodge, on June 20, 2022, and signed by Plaintiff's Appraiser, Robert Smith, as well as the Umpire, Paul Heywood, on June 21, 2022.
[2] The Dwelling – General figure was reduced by $70,468.55 and said funds were paid under the Personal Property / Contents coverage available under the Policy.
[3] Coverage for mold was limited to $10,000 under the Policy.
[4] The Dwelling – Code limit was $103,400, which was exhausted. The remainder of the building code award is able to be recovered under the Home Protector Coverage.
[5] Coverage for Business Personal Property was limited to $2,500 under the Policy.

15. Plaintiff did not move to vacate, modify or correct the Award within sixty (60) days of its issuance, as required by R.I.G.L. § 10-3-15.

16. Pursuant to R.I.G.L. § 10-3-11, USAA CIC has a right to move to confirm the Award within one year of the issuance of the award.

17. This motion is timely filed in that the Award issued (completely signed by the two appraisers and Umpire) on June 21, 2022.

18. Pursuant to LR Cv 7 (c), USAA CIC does not believe either oral argument or an evidentiary hearing are required.

**WHEREFORE**, Defendant USAA CIC respectfully moves that the arbitration Award be confirmed.

Dated: March 29, 2023

DEFENDANT,
USAA CASUALTY INSURANCE COMPANY

By: */s/ Dana M. Horton*
Dana M. Horton, #6251
Robinson & Cole LLP
One Financial Plaza, 14th Floor
Providence, RI 02903
Tel. No.: (401) 709-3300
Fax No.: (401) 709-3399
dhorton@rc.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of March, 2023, I have caused the within *Motion to Confirm Arbitration Award* to be filed with the Court via the CM/ECF filing system. As such, this document will be electronically sent to the following registered participants identified on the Notice of Electronic Filing (NEF):

John A. Donovan III, Esq.
Judah H. Rome, Esq.
Sloane and Walsh LLP
652 George Washington Highway, Suite 302
Lincoln, RI 02865
jdonovan@sloanewalsh.com
jrome@sloanewalsh.com

                                             */s/ Dana M. Horton*
                                             Dana M. Horton