UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
JAMES MULLOWNEY, JR.               )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )   C.A. No. 22-404 WES
                                   )
USAA CASUALTY INSURANCE            )
COMPANY,                           )
                                   )
        Defendant.                 )
_____)

### MEMORANDUM AND ORDER

WILLIAM E. SMITH, District Judge.

This case involves a claim for insurance coverage made pursuant to a homeowner's insurance policy issued by Defendant USAA Casualty Insurance Company to Plaintiff James Mullowney. Plaintiff alleges that a water loss occurred at his insured property in Newport, Rhode Island, on July 5, 2021, that resulted in extensive damage. See Am. Compl. ¶¶ 9, 31, ECF No. 9. Before the Court is USAA's Motion to Dismiss ("Def.'s Mot."), ECF No. 8, which challenges two counts of the Complaint, ECF No. 1, and one corresponding count of the Amended Complaint, ECF No. 9. For the reasons that follow, Defendant's Motion to Dismiss is GRANTED insofar as it concerns Plaintiff's negligence claim (Count II of the Complaint and Count V of the Amended Complaint) and DENIED as MOOT insofar as it concerns Plaintiff's claim under the Unfair

Trade Practices and Consumer Protection Act (Count V of the Complaint).

I. Background

Plaintiff is the owner of a property located at 38 Pelham Street in Newport, Rhode Island. Am. Compl. ¶ 5. Defendant issued a homeowner's insurance policy, effective August 9, 2020, to August 9, 2021, to Plaintiff, covering the property. Id. ¶ 6. A water loss occurred at Plaintiff's property on July 5, 2021. Id. ¶ 9. That same day, he notified Defendant of the loss. Id. ¶ 10. Plaintiff alleges that Defendant failed to conduct an adequate investigation into the loss and failed to make payments as required by the terms of the insurance policy, leaving him unable to promptly repair and rent the property. Id. ¶¶ 12-19.

II. Discussion

a. Legal Standard

To survive a motion to dismiss, a complaint must set forth sufficient facts to establish a "claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court need not find the claim to be probable but must find the claim to be more than merely possible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Claims comprised of "meager, vague, or conclusory statements" are insufficient. Alston v. Spiegel, 988 F.3d 564, 571 (1st Cir. 2021) (citing SEC v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010)). When reviewing a motion to

dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume the truth of well-pleaded facts and give the plaintiff the benefit of all reasonable inferences. Cook v. Gates, 528 F.3d 42, 48 (1st Cir. 2008).

The parties agree that Rhode Island law applies because the policy at issue is for Rhode Island property and the conduct has the most significant relationship with Rhode Island. See Webster Bank Nat'l Ass'n v. Rosenbaum, 268 A.3d 556, 560 (R.I. 2022); Def.'s Mot. 4 n.3; Pl.'s Obj. Def.'s Mot. Dismiss ("Pl.'s Obj.") 3, ECF No. 10 (citing Rhode Island Supreme Court cases).

   b. Operative Complaint

As a preliminary matter, Plaintiff argues that his filing the Amended Complaint moots Defendant's motion to dismiss. Pl.'s Obj. 2. "A party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)" "if the pleading is one to which a responsive pleading is required." Fed. R. Civ. P. 15(a)(1)(B). Here, the Complaint was a pleading to which a responsive pleading was required, and Defendant filed a motion to dismiss under Rule 12(b)(6) on January 10, 2023. See generally Def.'s Mot. On January 17, 2023, within twenty-one days of the filing of the motion to dismiss, Plaintiff filed his Amended Complaint. See generally Am. Compl. Therefore, the Amended Complaint was filed as of right, and thus "became the operative complaint." Connectu LLC v. Zuckerberg, 522 F.3d 82, 95

3

(1st Cir. 2008) (amended complaint "filed as of right . . . became the operative complaint without judicial intervention.").

However, even where an amended pleading has superseded the original, district courts "may either deny a pending motion to dismiss as moot or consider the merits of the motion, analyzing the facts as alleged in the amended pleading." Pettaway v. National Recovery Solutions, LLC, 955 F.3d 299, 303 (2d Cir. 2020). Because the parties have fully briefed Defendant's challenge to Plaintiff's negligence claim and have addressed the changes to that claim made in the Amended Complaint, the Court elects to address the motion to dismiss now in order to "promote[] judicial economy [and] obviat[e] the need for multiple rounds of briefing." Id.[1]

c. Negligence Claim

Plaintiff alleges that Defendant was negligent because it "owed [Plaintiff] a duty to promptly, appropriately, and accurately adjust and pay the claim related to the Loss," that it breached this duty, and that Defendant's "breach was the direct and proximate cause of [Plaintiff's] damages." Am. Compl. ¶¶ 65-70. Defendant contends that Plaintiff's negligence claim is barred

---

[1] Plaintiff's original Complaint asserted a cause of action under the Unfair Trade Practices and Consumer Protection Act. See Compl. ¶¶ 65-69. Plaintiff removed that count from the Amended Complaint. See generally Am. Compl. Therefore, Defendant's Motion to Dismiss, insofar as it concerns that claim, is DENIED as MOOT.

4

both by the parties' contractual relationship and by the economic loss doctrine. Def.'s Mot. Dismiss 2. Because the Court concludes that Plaintiff's negligence claim must be dismissed on the basis that Defendant did not owe a duty to Plaintiff, it is unnecessary to consider the applicability of the economic loss doctrine.

"[T]he existence of [a duty of care] is a question of law to be determined by the court . . . [and] [i]n the absence of a legal duty, [a] plaintiff['s] claim must fail as a matter of law." Ouch v. Khea, 963 A.2d 630, 632–33 (R.I. 2009); see Benaski v. Weinberg, 899 A.2d 499, 502 (R.I. 2006) ("[A] defendant cannot be liable under a negligence theory unless the defendant owes a duty to the plaintiff."). Plaintiff asserts that Bibeault v. Hanover Insurance Co., 417 A.2d 313, 319 (R.I. 1980) establishes that Defendant owed a negligence duty to Plaintiff here. See Pl.'s Opp'n 3. The Bibeault court concluded that "an insurer doing business in Rhode Island is obligated to act in good faith in its relationship with its policyholders," and "[a] violation of this duty will give rise to an independent claim in tort in which . . . there has been a specific finding that the insurer has in bad faith refused to pay the claims due an insured." Bibeault, 417 A.3d at 319. However, this holding is specific to "the tort of bad faith," which "is an intentional one," and requires a showing by a plaintiff of "the absence of a reasonable basis for denying benefits of the policy and the defendant's knowledge or reckless

5

disregard of the lack of reasonable basis for denying the claim." Id. (quoting Anderson v. Continental Ins. Co., 85 Wis. 2d 675, 691, 693 (1978)). The case makes no mention of a negligence claim, and, although the case discusses a "duty," it is not the type of duty that gives rise to a claim of negligence, but rather a duty of good faith in contract dealings. In Skaling v. Aetna Insurance Co., the Rhode Island Supreme Court further clarified the bad faith tort articulated in Bibeault, explaining that "mere negligence in failing to settle a claim . . . is not actionable in tort." 799 A.2d 997, 1006-07 (R.I. 2002).

Plaintiff also points to Forte Brothers, Incorporated v. National Amusements, Incorporated, 525 A.2d 1301, 1030 (R.I. 1987), which he argues establishes that "a tort duty of care may exist between parties that are in a contractual relationship with on[e] another." Pl.'s Opp'n 3. In that case, the Rhode Island Supreme Court concluded that "[a] supervising architect, in the performance of its contract with the owner, is required to exercise the ability, skill and care customarily exercised by architects in similar circumstances" and that that "duty of care extends to contractors who share an economic relationship and community of interest with the architect on a construction project," which is "based on circumstances establishing a direct and reasonable reliance by the contractor on the contractual performance of the architect when the architect knows, or should know, of that

6

reliance." Forte Bros., 525 A.2d at 1303. The court, however, has not extended this conclusion beyond the construction context; Plaintiff points to no cases that establish a similar duty in the insurance context.

Therefore, because "[a] defendant cannot be liable under a negligence theory unless the defendant owes a duty to the plaintiff," Benaski, 899 A.2d at 502 (quoting Lucier v. Impact Recreation, Ltd., 864 A.2d 635, 638 (R.I. 2005)), and Plaintiff has failed to establish the existence of that duty here, Defendant's motion to dismiss is GRANTED insofar as it concerns Plaintiff's negligence claim.

III. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 8, is GRANTED as to Count V of the Amended Complaint, ECF No. 9, and DENIED as MOOT as to Count V of the Complaint, ECF No. 1. IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
District Judge
Date: April 26, 2023