# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES T. MULLOWNEY, JR | : | |
|     *Plaintiff*, | : | |
| | : | |
| v. | : | C.A. No.: 1:22-cv-00404-WES-PAS |
| | : | |
| USAA CASUALTY INSURANCE COMPANY | : | |
|     *Defendant*. | : | |

## PLAINTIFF, JAMES T. MULLOWNEY, JR.'S OBJECTION TO DEFENDANT'S MOTION TO BIFURCATE PLAINTIFF'S BAD FAITH CLAIMS AND TO STAY RELATED DISCOVERY

NOW COMES the Plaintiff, James T. Mullowney, Jr. and hereby objects to Defendant USAA Casualty Insurance Company's ("USAA CIC") Motion to Bifurcate Plaintiff's Bad Faith Claims and to Stay Related Discovery (ECF 24). This Court should deny USAA CIC's Motion because there is significant overlapping discovery between the breach of contract counts and the bad-faith counts. Accordingly, severing and staying discovery related to the bad-faith counts would be inefficient and add cost for both parties.

Additionally, USAA CIC's Motion fails because it premised on two demonstrably false propositions: First, USAA CIC incorrectly claims that Count II of the Amended Complaint (ECF 9) alleges bad faith. It does not. Count II alleges a breach of the duty of good faith and fair dealing, which is a claim for breach of contract. *See Houle v. Liberty Ins. Corp.*, 271 A.3d 591, 595 (R.I. 2022). Second, USAA CIC erroneously cites *Glocester Country Club v. Scottsdale Indem. Co.*, No. 20-184 WES, 2020 U.S. Dist. LEXIS 220981 (D.R.I. Nov. 25, 2020). Despite USAA CIC's contention that this Court granted an insurer's similar motion to sever and stay bad faith claims, this Court actually granted in part and denied in part the motion, allowing some bad faith discovery

1

to proceed before the resolution of the contract claim. Finally, USAA CIC Motion to stay the bad faith discovery should be denied because they provide no rationale for such a stay other than their argument that bad faith portion of the litigation should be tried after the breach of contract. Notably, USAA CIC completely fails to address the factors laid out in *Wolf v. Geico Ins. Co.*, 682 F. Supp. 2d 197 (D.R.I. 2010), which is this Court's seminal case on the issue of whether to stay bad faith discovery. Of course, USAA CIC does not address the *Wolf* case and instead erroneously relies on *Glocester Country Club* because the *Wolf* factors support moving forward with bad faith discovery.

In further support of his Objection, Plaintiff states as follows:

## I. FACTUAL BACKGROUND

This matter arises out of USAA CIC's failure to timely and properly adjust a July 5, 2021 water loss (the "Loss") that occurred at Mr. Mullowney's property located at 38 Pelham Street, Newport, Rhode Island (the Property"). *See* ECF 9 (First Amended Complaint) at ¶¶ 5, 9, 12, 15. Mr. Mullowney purchased from USAA CIC an insurance policy to protect the Property, and said policy was in full force and effect at the time of the Loss. *See* ECF 9 at ¶¶ 6, 7, 8.

The Property is an historic site, built circa 1740. Accordingly, repairing the Property requires more than repairing a comparable loss at a modern property. *See* ECF 9 at ¶ 11. USAA CIC failed to account for the Property's historic nature and failed to conduct an adequate and comprehensive investigation into the Loss. *See* ECF 9 at ¶ 12. USAA CIC additionally failed to promptly make payments in violation and in breach of the terms of the insurance policy. *See* ECF 9 at ¶¶ 13, 15, 20. USAA CIC's delay in handling the claim has caused Mr. Mullowney to incur additional costs and expenses and delayed the repair of the Property. *See* ECF 9 at ¶ 17, 18, 19.

3067829.v1

Perhaps most egregiously, USAA CIC's intentional delay in the handling of the claim forced Mr. Mullowney into a situation where he incurred substantial uninsured losses related to lost rental income. *See* ECF 9 at ¶ 19. USAA CIC's intentional delay and low-ball estimates constitute a breach of the implied covenant of good faith and fair dealing. *See* ¶¶ 23, 24, 25. It remains unclear why USAA CIC's initial estimate to repair the Property was only $97,490.36, when local contractors were providing quotes at or near $3,000,000, and even the appraisal panel, which Plaintiff believes was not presented with full information, determined that it would cost $1,300,668.32 to repair the dwelling. **The fact that USAA CIC's initial estimate for the dwelling was somewhere between 13 and 30 times too low is inherently a breach of the duty of good faith and fair dealing as well as bad faith.** Mr. Mullowney's discovery is aimed at understanding how and why USAA CIC arrived at such an egregiously low valuation for his claim.

As a result of USAA CIC's breach of contract and bad faith claims handling, Mr. Mullowney was forced to file suit. The Amended Complaint (ECF 9) alleges two counts related to USAA CIC's breach of contract (Counts I and II), and two counts that allege bad faith on the part of USAA CIC (Counts III and IV).[1] As part of the instant litigation, Mr. Mullowney has served interrogatories and Requests for Production of Documents in an attempt to understand USAA CIC's rational for its low-ball estimates and unwarranted delay in handling Mr. Mullowney's claim. USAA CIC's failure to timely adjust and pay Mr. Mullowney's claim relates directly to Mr. Mullowney's allegations of both breach of contract and bad faith.

---

[1] Count V, which alleged negligence has been dismissed by this Court.

3067829.v1

## II. APPLICABLE LAW

### a. Standard for Whether to Stay Bad Faith Discovery

"[T]he question of whether to stay discovery requires a case-by-case evaluation." *Wolf v. Geico Ins. Co.*, 682 F. Supp. 2d 197, 201 (D.R.I. 2010). "To a large extent, the question of what will be the most efficient approach boils down to how much the subject matter of discovery on the bad faith and contract claims will overlap." *Id.* at 200. The extent of non-overlapping bad faith discovery should be analyzed "by considering the likelihood that it will involve (i) significant amounts of work product or privileged materials, (ii) alleged continuing bad faith activity during litigation over the contract, (iii) special damages for emotional distress resulting from bad faith, and (iv) expert analyses of whether coverage and investigation decisions show bad faith given industry practice." *Id.* at 201. None of the above factors are by themselves dispositive. Rather, they are guideposts for the Court when conducting a balancing test. *See id.* "The less a bad faith claim touches on them, the more efficient simultaneous discovery becomes." *Id.*

Importantly, "[t]he outcome need not be all-or-nothing. The Court may allow early discovery on some, but not all, of the bad faith issues presented by a case, always keeping in mind whether doing so promotes judicial economy." *Id.* at 202.

### b. Rule 42(b)

Rule 42(b) of the Federal Rules of Civil Procedure, upon which USAA CIC has moved, states, in pertinent part, that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." "Fed.R.Civ.P. 42(b) gives the Court discretion to separate issues or claims at trial." *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F. Supp. 2d 147, 152 (D.R.I. 2009). Severance—the relief sought by USAA CIC—"is different from ordering separate trials

4

pursuant to Fed.R.Civ.P. 42(b)." *Wai Feng Trading Co. v. Quick Fitting, Inc.*, No. CA 13-033 S, 2014 WL 4199174, at *8 (D.R.I. Aug. 22, 2014).

### III. USAA CIC'S MOTION SHOULD BE DENIED BECAUSE AND BAD FAITH DISCOVERY SHOULD PROCEED BECAUSE MUCH OF THE DISCOVERY IS OVERLAPPING, DOING SO PROMOTES JUDICIAL ECONOMY, AND THE RISK OF PREJUDICE IS LOW

USAA CIC's Motion should be denied because, on balance, proceeding with the bad faith discovery at this time promotes judicial economy and the benefits of judicial economy outweigh the risk of prejudice to USAA CIC.

#### a. *Mr. Mullowney's claim for the breach of the covenant of good faith and fair dealing is a claim for breach contract and overlaps significantly with his bad claims*

USAA CIC's Motion should be denied because it is premised on the false proposition that Mr. Mullowney's claim for breach of the covenant of good faith and fair dealing is a bad faith claim. It is not. In Rhode Island, a claim for breach of the covenant of good faith and fair dealing is a claim for breach of contract. *See Houle*, 271 A.3d at 595.

In *Houle*, which is also an insurance dispute, the insured plaintiffs filed a complaint alleging the that the defendant carrier breached the terms of the insurance policy "by not performing a full and complete investigation." *Id.* at 593. The *Houle* plaintiffs additionally alleged that the defendant acted in bad faith. *Id.*

In response to the complaint, the carrier defendant filed a motion for judgment on the pleadings arguing that plaintiffs' claims failed as a matter of law because plaintiffs had failed to allege facts that could prove that the defendant breached the policy and/or acted in bad faith. *See id*. The plaintiffs objected to the motion, maintaining that, as pled in the complaint, the defendant's alleged failure to provide a full and complete investigation of the plaintiffs' loss constituted a prima facie case for breach of contract and bad faith. *See id.*

5

The Superior Court granted the defendant's motion for judgment on the pleadings and dismissed the plaintiffs' complaint, reasoning that the plaintiffs failed to set forth sufficient facts relating to the allegedly deficient investigation and that plaintiffs failed to identify any part of the policy that had been breached. *Id.*

On appeal, the Rhode Island Supreme Court reversed the Superior Court's decision. *Id* at 595. The Rhode Island Supreme Court held that the Superior Court justice overlooked the fact that the implied covenant of good faith and fair dealing is inherent in every contract. *Id.* The *Houle* Court added that allegations of a breach of the covenant of good faith and fair dealing can support a claim for breach of contract. *Id.*

Under *Houle* and earlier cases such as *McNulty v. Chip*, 116 A.3d 173, 185 (R.I. 2015), a claim for breach of the duty of good faith and fair dealing is a claim for breach of contract. Mr. Mullowney has explicitly pled a claim alleging that USAA CIC breached its duty of good faith and fair dealing. *See* ECF 9 at ¶¶ 43-48. Because a claim or breach of duty of good faith and fair dealing is a claim for breach of contract, Mr. Mullowney is unquestionably allowed to conduct discovery related to that claim at this this stage of the litigation.

Here, discovery related to Mr. Mullowney's breach of contract claim alleging a breach of the duty of good faith and fair dealing and Mr. Mullowney's claims for bad faith will have significant overlap. USAA CIC's failure to timely and competently investigate Mr. Mullowney's claim undergird both the breach of contract and bad faith claims. Likewise, the fact that USAA CIC delayed the investigation and adjustment of the claim, causing Mr. Mullowney to suffer uninsured losses relates to both the breach of contract and bad claims, as does Mr. Mullowney's assertions that USAA CIC's knowing delay caused him to suffer uninsured losses related to lost rental income. How USAA CIC investigated, evaluated, and adjusted the Loss is at the center of

6

both the breach of contract and bad faith claims. As such, discovery for the two claims will be largely duplicative. In the interest of judicial economy, this Court should deny USAA CIC's Motion.

> b. *The <u>Wolf</u> factors militate in favor of allowing bad faith discovery*
>> **i. Bad faith discovery should proceed because Mr. Mullowney is not seeking a significant amount of work product of privileged materials**

USAA CIC's Motion should be denied because Mr. Mullowney's discovery does not seek significant amounts of work product of privileged materials. Notably, in its Motion USAA CIC does not raise a single argument that Mr. Mullowney's discovery seeks privileged or confidential material. USAA CIC complains that some of the discovery is overbroad or intrusive, but such complaints do not amount to a claim of privilege.

The documents and information that Mr. Mullowney seeks may be damning for USAA CIC, but that does not mean that they are protected or privileged. Rather, pretrial discovery is designed to expose precisely these types of documents and information so that the parties may prepare for trial and also better evaluate the merits of the case in the hopes that a pre-trial resolution may be reached.

The first prong of the *Wolf* factors weighs heavily in favor of allowing the bad faith discovery to proceed and denying USAA CIC's motion, as the requested documents and information do not seek a significant, or even a marginal amount of protected or privileged information.

>> **ii. Continuing bad faith is not a significant portion of Mr. Mullowney's claim against USAA CIC**

The second prong of the *Wolf* factors also weighs in favor of denying USAA CIC's Motion, as the thrust of Mr. Mullowney's bad claims relates to conduct that occurred before this lawsuit

7

was filed. USAA CIC's bad faith has already occurred and is evidenced by its failure to timely and completely pay what is clearly a covered loss, and its failure to conduct a proper investigation. USAA CIC's bad faith is ongoing to the extent that it continues to refuse to pay Mr. Mullowney what he is rightfully owed under the policy.

### iii. Mr. Mullowney is not seeking special damages related to Emotional distress

Similarly, the third prong of the *Wolf* factors weighs in favor of denying USAA CIC's Motion and allowing the bad faith discovery to proceed. Mr. Mullowney has not made a claim for emotional damages and seeks them only to the extent that they are compensable as part of his bad faith claim.

### iv. Expert testimony will serve only a limited role in proving USAA CIC's bad faith

In this case, expert testimony will serve only a limited role in proving USAA CIC's bad faith, and should not be a barrier to conducting bad faith discovery before the resolution of the breach of contract claim. As this Court well knows, expert testimony is necessary in nearly all cases, and is almost certain to be necessary in any insurance bad faith litigation—establishing a standard for an insurance carrier's reasonableness is likely beyond the ken of the jury. Given that expert testimony, and the accompanying expert discovery, is likely to be present in every bad faith case, the mere presence of experts cannot be enough to tip the balance. Rather, this Court should look at whether the expert discovery will be highly technical and will consume significant amounts time and money. In this case, it will not.

Here, Mr. Mullowney anticipates that expert discovery will be limited and modest. Mr. Mullowney will likely rely on expert testimony to establish that USAA CIC's investigation, including its failure to properly value the loss was unreasonable. Mr. Mullowney will also rely

on an expert to establish that USAA CIC's claims handling process was unreasonable and did not conform to the industry standard. This type of expert testimony will not require lengthy or technical discovery. Rather, Mr. Mullowney expects that expert discovery will consist of a review of documents produced by the parties and a deposition. Accordingly, this factor also weighs in favor of denying USAA CIC's Motion and allowing bad faith discovery to proceed.

## IV. THIS COURT HAS PREVIOUSLY ALLOWED BAD FAITH DISCOVERY TO PROCEED

This Court has previously allowed bad faith discovery to proceed before a plaintiff has prevailed on a breach of contract claim. USAA CIC's reliance on *Glocester Country Club* to suggest that this Court normally severs and stays bad faith claims is misleading because USAA CIC misstates that holding of that case. USAA CIC claims that *Glocester Country Club* stands for the proposition that bad faith discovery should always be stayed. However, in *Glocester Country Club*, this Court actually granted in part and denied in part the insurer's motion to sever and stay bad faith discovery. *See Glocester Country Club*, No. 20-184 WES, 2020 U.S. Dist. LEXIS 220981, at *5 (D.R.I. Nov. 25, 2020). This Court, when applying *Wolf*—which USAA CIC completely overlooks in its Motion—held that duplicative bad faith discovery could proceed, saying, "if any witnesses have knowledge relevant to both the breach of contract claims and the bad faith claims, the parties may cover both sets of issues in the witnesses' depositions during the first round of discovery." *Id.* at *4.

Here, the Court should arrive at the same conclusion that it did in *Glocester Country Club* and allow duplicative bad faith discovery to proceed in advance of any trial on the breach of contract claims. Notably, the overlap between the breach of contract and bad faith discovery is much greater in the instant litigation than it was in *Glocester Country Club*. In *Glocester Country Club*, the plaintiff did not have an explicit claim for breach of the duty of good faith and fair

9

dealing. Rather the dispute in that case was primarily over whether or not the pollution exclusion in a commercial general liability policy precluded coverage for a fuel leak from an above ground storage tank. *See id.* at *1. Here, the overlap between Mr. Mullowney's claim for breach of the duty of good faith and fair dealing and his claim for bad faith is substantial, and just like in *Glocester Country Club*, this Court should at least allow duplicative discovery to proceed to further the interests of judicial economy.

## V. CONCLUSION

This Court should deny USAA CIC's Motion because there is substantial overlap between Mr. Mullowney's breach of contract and bad faith claims and allowing the bad faith discovery to proceed furthers the interests of judicial economy.

WHEREFORE, for the reasons stated herein, Plaintiff James T. Mullowney, Jr. respectfully requests that this Court deny Defendant USAA Casualty Insurance Company's. Motion to Bifurcate Plaintiff's Bad Faith Claims and to Stay Related Discovery (ECF 24). Alternatively, to the extent that this Court is not inclined to deny in full USAA CIC's Motion, Plaintiff requests that this Court allow all duplicative discovery to proceed, including but not limited to asking bad faith questions of any deponents that would testify in relation to both counts and allowing written discovery to proceed where the information sought is duplicative.

## **LR R. 7(c) Statement**

The Plaintiff requests a hearing on this Motion and estimates that the hearing will take 20 minutes.

Respectfully submitted,<br>
Plaintiffs,<br>
By their attorneys,<br>
<br>
*/s/ Judah H. Rome*<br>
John A. Donovan III, Esq., #5707<br>
Judah H. Rome, Esq., 9711<br>
SLOANE AND WALSH LLP<br>
652 George Washington Highway, Suite 302<br>
Lincoln, RI 02865<br>
401-495-6796<br>
jdonovan@sloanewalsh.com<br>
jrome@sloanewalsh.com

Dated: August 28, 2023

## **CERTIFICATION OF SERVICE**

    I, Judah H. Rome certify that I have served this document via Notice of Electronic Filing for parties and counsel who receive electronic notice by the CM/ECF system and via first class mail for parties and counsel who do not receive electronic notice by the CM/ECF.

Dated: August 28, 2023        */s/ Judah H. Rome*