UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JAMES T. MULLOWNEY, JR. | : |
|     *Plaintiff,* | : |
| | : |
| Vs. | :   C.A. No.: 1:22-cv-00404-WES-PAS |
| | : |
| USAA CASUALTY INSURANCE COMPANY, | : |
|     *Defendant.* | |

## USAA CASUALTY INSURANCE COMPANY'S REPLY BRIEF TO PLAINTIFF'S OPPOSITION TO IT'S MOTION TO BIFURCATE AND STAY BAD FAITH CLAIMS AND DISCOVERY

Defendant, USAA Casualty Insurance Company's ("USAA CIC") Motion to Bifurcate Plaintiff's claims of bad faith in its breach of the duty of good faith and fair dealing, common law bad faith, and statutory bad faith (Counts II, III and IV) from those of Breach of Contract (Count I), and to stay discovery upon the bad faith claims pending resolution of Plaintiff's breach of contract claim is proper. Despite Plaintiff's efforts to convolute the issues before this Court in his opposition brief, the nexus of his Complaint involves a discrete coverage issue regarding his claim for coverage under the subject homeowner's policy, the resolution of which will render any discovery on his separate and distinct bad faith claim in Counts II, III, and IV moot. Severing these counts and staying the unduly burdensome and prejudicial bad faith discovery will avoid wasting both the Court's and the parties' resources on a claim that is not now, and may never be, ripe for determination.

**I. ARGUMENT**

Rule 42(b) provides, in relevant part, that "[f]or convenience, to avoid prejudice, or to expedite and economize, the [C]ourt may order a separate trial of one or more separate issues [or] claims . . . ." Courts in this District have bifurcated and stayed not-yet-ripe, and therefore legally

infirm, bad faith claims under this standard. *See e.g. TranSched Sys. Ltd. v. Fed. Ins. Co.*, 958 F. Supp. 2d 331, 338 (D.R.I. 2013) (staying the plaintiff's bad faith claim "unless and until [the plaintiff insured] prevails on its declaratory judgment claims for coverage" and recognizing that this is "the best course at this stage" as "[the plaintiff insured's] bad faith claims will disappear if it does not succeed on the merits of its declaratory judgment case."). Indeed, in *Wolf*, the Court noted that:

> The Court's broad task is to weigh the risk of prejudice to the defendant that joint discovery carries against the possible efficiency to be gained . . . [and] the Court must bear in mind that combining discovery is not always economical or appropriate.

*Wolf v. Geico Ins. Co.*, 682 F. Supp. 2d 197, 201-02 (D.R.I. 2010). Similarly, in *Glocester*, the court recognized that "[b]ecause 'a bad faith action does not exist until the plaintiff first establishes a breach of contract[,]' bad faith claims often lend themselves well to separation and stay of discovery." *Glocester Country Club v. Scottsdale Indem. Co.*, No. CV 20-184 WES, 2020 WL 6945937, at *1 (D.R.I. Nov. 25, 2020) (quoting *Wolf.*, 682 F. Supp. 2d at 198) (bifurcating the bad faith claim and staying the discovery regarding the defendant insurer's internal processes as the categories of discovery are distinct, and entail "at least some risk of prejudice" to the defendant insurer).

In order to avoid bifurcation, Plaintiff attempts to conflate his breach of contract and bad faith counts to suggest that there is some kind of overlap between them. To that end, Plaintiff asserts that Count II alleging breach of the duty of good faith and fair dealing is not a bad faith claim, but rather a breach of contract claim, citing *Houle v. Liberty Ins. Corp.*, 271 A.3d 591, 595 (R.I. 2022), and also claims that there is significant overlapping discovery between the breach of contact counts and the bad-faith counts.

As his own Complaint acknowledges, however, each of these claims are separate and distinct. In Count I (breach of contract), Plaintiff's allegation in the Complaint is that USAA CIC has breached its contractual obligation to him by "failing to promptly and adequately investigate the Loss," "failing to promptly make payments owed under the Policy," and "failing to timely recognize its obligation to pay for like kind replacements." (Am. Compl., ECF No. 9, Count I, ¶¶ 35-37). In contrast, it is in Counts III and IV of the Complaint that Plaintiff specifically alleges that "the acts and omissions of the USAA as complained of herein and yet to be discovered in this matter constitute bad faith." (Am. Compl., Count III, ¶ 53; Count IV, ¶ 57).

With respect to Plaintiff's assertion that Count II alleging breach of the duty of good faith and fair dealing is not a bad faith claim, but rather a breach of contract claim that is separately pled from its breach of contract claim in Count I, Plaintiff's arguments are unavailing for a number of reasons. First, *Houle* is factually distinct and inapposite here because that case did not involve a motion to bifurcate bad faith claims from a breach of contract claim, but rather an appeal from a decision granting a motion for judgment on the pleadings. *Houle*, 271 A.3d at 593. Second, Plaintiff minces the words of *Houle and McNulty* for its argument that a claim for breach of the covenant of good faith and fair dealing is a breach of contract claim and Plaintiff is, therefore, allowed to seek bad-faith discovery related to his claim for breach of the covenant of good faith and fair dealing. Rather, the reference to *McNulty* in *Houle* on which Plaintiff relies actually stands for the notion that a claim for breach of the implied covenant of good faith and fair dealing <u>is not an independent cause of action at all</u>, which is incongruent with how Plaintiff has pled it here. *See Houle*, 271 A.3d at 595 (citing *McNulty* as "making clear that a claim for breach of the implied covenant of good faith and fair dealing is not an independent cause of action that must be pled separate and apart from a claim for breach of contract"); *McNulty v. Chip*, 116 A.3d 173, 185 (R.I.

3

2015) (granting defendant's motion for summary judgment on claim for breach of the implied warranty of good faith and fair dealing because "we have explained that a claim for breach of the implied covenant of good faith and fair dealing does not create an independent cause of action separate and apart from a claim for breach of contract"). If Plaintiff's breach of the covenant of good faith and fair dealing claim is, as Plaintiff argues, nothing more than a breach of contract claim, then it is duplicative of Count I and should be stricken because it is not an independent cause of action. Furthermore, were Plaintiff successful in establishing that USAA CIC breached the duty of good faith and fair dealing, the natural intimation is that it acted in <u>bad faith</u>. Plaintiff is arguing that it should be able to engage in discovery on the allegation of breach of the duty of good faith and fair dealing. In order to prove such claim, however, Plaintiff will necessarily have to establish that USAA CIC acted in bad faith, warranting bad faith discovery, which should not be allowed at this stage of the litigation when no breach of contract has been established.

Here, Plaintiff has not—and indeed cannot—establish that USAA CIC breached the underlying Policy at issue in this litigation, and, therefore, Plaintiff's bad faith counts, including Counts II (breach of the duty of good faith and fair dealing), III (common law bad faith), and IV (statutory bad faith), should be bifurcated and discovery stayed until the Court rules on Plaintiff's breach of contract claim (Count I). *Glocester*, 2020 WL 6945937, at *1. As Plaintiff cannot dispute, in the event that the breach of contract claim is resolved in favor of USAA CIC—Plaintiff's bad faith claims will be moot, because, under Rhode Island law, "[t]here cannot be a showing of bad faith when the insurer is able to demonstrate a reasonable basis for denying benefits." *Bartlett v. John Hancock Mut. Life Ins. Co.*, 538 A.2d 997, 1000 (R.I. 1988), *abrogated by Skaling v. Aetna Ins. Co.*, 799 A.2d 997 (R.I. 2002).

Similarly, any discovery on Plaintiff's purported bad faith claims will be entirely removed from the essence of its claims—*i.e.* that there is coverage under the Policy for his alleged losses. *See Wolf*, 682 F. Supp. 2d at 200 ("where non-overlapping bad faith discovery is likely to consume significant resources, staying discovery will 'serve judicial economy'") (internal citation omitted)). As Judge Smith held in *Glocester*, where "the contract claims turn on the insurance agreement between the parties and the facts of the [alleged loss], not Defendant's investigation," the court should grant a motion to bifurcate bad faith claims and stay related discovery. 2020 WL 6945937, at *2. While Plaintiff tries to suggest that there is a significant overlap between the discovery and testimony on his breach of contract claim and bad-faith claims, that is not the case, as the discovery on the issue of coverage will be completely separate from Plaintiff's bad-faith theories related to USAA CIC's alleged delay in investigating, adjusting, and making payment on the claim.

In support of his opposition and his assertions of judicial economy, Plaintiff relies on a distorted reading of the Court's decisions in *Wolf* and *Glocester*. Despite Plaintiff's contentions, the *Wolf* case explicitly acknowledges that "Rhode Island courts *routinely* sever bad faith claims from contract claims, stay discovery on the bad faith issue, and try the claims separately." *Wolf*, 682 F. Supp. 2d at 198 (emphasis added); *see also Skaling v. Aetna Ins. Co.*, 799 A.2d 997, 1010 (R.I. 2002) ("[I]n this jurisdiction because claims of insurer bad faith are severed and tried separately from the breach of insurance contract claim"). This is in part because under Rhode Island law, "[t]here can be no cause of action for an insurer's bad-faith refusal to pay a claim until the insured first establishes that the insurer breached its duty under the contract of insurance." *Bartlett*, 538 A.2d at 1000.

While Plaintiff goes to great strains to aver that the factors articulated by *Wolf* disfavor bifurcation and a stay of discovery here, USAA CIC asks the Court to focus on the prejudice associated with the significant amounts of work product or privileged materials requested as discussed in *Wolf*. 682 F.Supp. 2d at 200 ("In light of these competing considerations—judicial economy on the one hand, and prejudice resulting from the premature disclosure of work-product protected or privileged documents on the other—it is clear that the question of whether to split discovery should involve a case-by-case balancing of the interests involved"). Allowing such discovery to take place before Plaintiff's breach of contract claim is adjudicated would lead to the disproportionately high prejudice and burden to USAA CIC associated with producing the bad faith-related documents and information sought by Plaintiff (discussed in USAA CIC's motion) that are work-product protected and/or privileged materials, all of which will not be necessary if Plaintiff fails to prove a breach of contract.

USAA CIC has described in its motion the types of materials that Plaintiff is seeking, including copies of all complaints alleging bad faith and/or breach of contract against USAA CIC over a 10-year period, all claims manuals or training materials regarding claim handling, copies of claim bulletins, directives, guidelines or memorandum that relate to the adjusting or handling of claims, and documents addressing goals, training or meetings for claim adjusters. (*See* Motion, pgs. 2-3). Compliance with these requests would involve the production of significant amounts of confidential work product and privileged materials that relate only to Plaintiff's bad faith claims. (*See* Motion, pgs. 7-8); *see also Glocester*, 2020 WL 6945937, at *2; *Clutch City Sports & Entertainment, L.P. v. Affiliated FM Ins. Co.*, No. PC-2020-05137, 2021 WL 1097930, at *4 (R.I. Super. Ct. Mar. 17, 2021) ("[w]hile this information may be discoverable for a bad-faith claim, it is likely prejudicial and privileged and, therefore, likely *not discoverable in relation to a breach*

*of contract claim*"); *Glocester*, 2020 WL 6945937, at *2; *Procaccianti Companies, Inc. v. Zurich American Ins. Co.*, No. CV 20-512WES, 2022 WL 2802357, at *3-4 (D.R.I. July 18, 2022) (finding that bifurcation of bad faith claims from breach of contract claims is appropriate and that bad faith discovery should be stayed given the prejudice and burden associated with producing bad faith document requests, including "[a]ll claims manuals, policies, and/or guidelines (including all drafts of the same) concerning Zurich's property insurance policies" and "[a]ll documents concerning claims [of Zurich's other insureds] relating to SARS-CoV-2 and/or COVID-19 submitted to Zurich"). Since Plaintiff's overly broad and unduly burdensome document requests are replete with requests for privileged, protected materials related solely to his bad-faith claims, including some of the same types of documents involved in *Procaccianti,* (*see*, *e.g.*, Motion, pgs. 2-3), such bad faith discovery should be stayed prior to the resolution of Plaintiff's bad faith claim.

Bifurcating Counts II, III and IV from Count I and further entering a stay as to related discovery will avoid wasting both the Court's and the parties' time and resources on a claim that is not now, and will likely never be, truly ripe for determination. USAA CIC's motion to bifurcate and stay the bad faith claim is well-supported by both Rhode Island state law and federal law precedent. Plaintiff has failed to present any valid rationale for this Court to deny USAA CIC's request, which is routinely applied by Courts in this jurisdiction, and his Opposition should be overruled.

## II. CONCLUSION

For the foregoing reasons, Defendant, USAA General Indemnity Company, respectfully moves to sever and stay the bad faith claim asserted by Plaintiff in this action from those of breach of contract, and submits this reply in further support of its motion.

Respectfully submitted,

USAA CASUALTY INSURANCE COMPANY,

*/s/ Dana M. Horton*
Dana M. Horton, #6251
ROBINSON & COLE LLP
One Financial Plaza, Suite 1430
Providence, RI 02903
Tel. No. (401) 709-3300
Fax No. (401) 709-3399
Email: dhorton@rc.com

Dated: September 5, 2023

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of September, 2023, I have caused the within *Reply Brief to Plaintiff's Opposition and in Further Support of its Motion to Bifurcate and Stay Bad Faith Claim and Discovery* to be filed with the Court via the CM/ECF filing system. As such, this document will be electronically sent to the registered participants identified on the Notice of Electronic Filing (NEF) as noted below.

John A. Donovan III, Esq.
Judah H. Rome, Esq.
Sloane and Walsh LLP
652 George Washington Highway, Suite 302
Lincoln, RI 02865
jdonovan@sloanewalsh.com
jrome@sloanewalsh.com

*/s/ Dana M. Horton*
Dana M. Horton (#6251)